## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MAXIMILIAM LOTH, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:14-CR-0263-AT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:17-CV-2618-AT-RGV |

### FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Maximiliam Loth's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 79], as supplemented, [Doc. 85], and the government's response, [Doc. 87]. For the reasons that follow, it is **RECOMMENDED** that Loth's § 2255 motion be denied.

### I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a three-count indictment against Loth, charging him in Count One with persuading, inducing or enticing a minor to engage in prohibited sexual activity, in violation of 18 U.S.C. § 2422(b); in Count Two with distributing one or more visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and

2252(b)(1); and in Count Three with possessing one or more visual depictions of minors engaged in sexually explicit conduct, in violation of §§ 2252(a)(4)(B) and 2252(b)(2). [Doc. 1]. Represented by Victoria Calvert ("Calvert") of the Federal Defender Program, Inc., Loth entered a negotiated guilty plea to Count One. [Docs. 4; 58-1]. The government agreed to dismiss the remaining counts. [Doc. 58-1 at 5]. On September 19, 2016, the Court entered judgment, sentencing Loth to 188 months of imprisonment. [Doc. 69]. Loth did not file a direct appeal.

Loth timely filed this pro se § 2255 motion, arguing that he received ineffective assistance of counsel when Calvert failed to challenge the Court's subject matter jurisdiction on the ground that Loth's use of the internet to commit the offense[1] did not affect interstate commerce because the offense was committed entirely within the State of Georgia. [Doc. 79 at 4; Doc. 85 at 5-6]. The government responds that Loth's sole ground for relief lacks merit. [Doc. 87 at 7-11].

## II. DISCUSSION

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

---

[1] Loth states that he "was contacted by the GBI undercover Agent, Sara R. Thomas, through Facebook, posing as 'Brooke James,' a 14 year old minor." [Doc. 85 at 5].

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted).  An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case.  See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).  The analysis is two-pronged.  However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697.  A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

3

at 690.  Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him.  In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

Loth's contention that his counsel was ineffective for failing to argue that use of the internet to commit an offense under § 2422(b) is insufficient to confer subject matter jurisdiction on this Court is without merit because this argument is foreclosed by Eleventh Circuit precedent.[2]  See United States v. Bilus, 626 F. App'x 856, 872 (11th Cir. 2015) ("[I]t is clearly established that '[t]he internet is an instrumentality of interstate commerce.'" (citations omitted)); United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004) ("Congress clearly has the power to regulate the internet, as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact.").  Accordingly, Loth fails to show deficient performance or prejudice based on Calvert's failure to raise this meritless argument.

---

[2] The government correctly contends that Loth's reliance on United States v. Schaefer, 501 F.3d 1197 (10th Cir. 2007), is misplaced because that case has been overruled, it concerned the interpretation of a different statute than § 2422, and, in any event, the ruling was not binding in this circuit.  [Doc. 87 at 10-11].

AO 72A
(Rev.8/82)

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Loth's ground for relief, the resolution of the issue presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

AO 72A
(Rev.8/82)

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Loth's § 2255 motion, [Doc. 79], as supplemented, [Doc. 85], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 29th day of November, 2017.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE